IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. JOHNSON, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| VISIONQUEST NATIONAL, LTD., | : | **JURY TRIAL DEMANDED** |
| PETER RANALLI, WADE STEWART, | : | |
| AND JERRY SUTYAK, | : | |
| *Defendants.* | : | |

**COMPLAINT AND JURY DEMAND**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Michael Johnson (hereinafter referred to as "Johnson"), a former employee of Defendant, VisionQuest National, Ltd., (hereinafter referred to as " Defendant Corporation"), who has been harmed by Defendant Corporation's illegal discriminatory actions and other illegal actions of the individually-named Defendants resulting in his discharge from employment.

2. This action arises under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., the Age Discrimination in Employment Act ("ADEA") Title 29 U.S.C. § 623(a)(1) and 623(a)(2), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

**II.  JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court and venue is in this district is invoked pursuant to 28 U.S.C. §1331 and §1391, and the claims are substantively based on the ADA and ADEA.

4. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Johnson's claim arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled. On August 28, 2003, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Johnson has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.  PARTIES**:

7. Plaintiff, Michael J. Johnson, is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at 3985 #2 Rowena Drive, Philadelphia, Pennsylvania 19114.

8. Defendant, VisionQuest National, Ltd., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 1822 West Strasburg Avenue, Administrative Building #1, Coatesville, Pennsylvania 19320.

9. Defendant, Peter Ranalli ("Ranalli"), is an individual and citizen of the Commonwealth of Pennsylvania and resides therein at an undetermined address. At all times relevant hereto, Defendant Ranalli is and was the President of Defendant Corporation.

10. Defendant, Wade Stewart ("Stewart"), is an individual and citizen of the Commonwealth of Pennsylvania with a business office at the Children's Home of Reading, 1010 Centre Avenue, Reading, Pennsylvania 19601. At all times relevant hereto, Defendant Stewart was a Supervisor for Defendant Corporation.

11. Defendant, Jerry Sutyak ("Sutyak") is an individual and citizen of the Commonwealth of Pennsylvania with a business office at the Children's Home of Reading, 1010 Centre Avenue, Reading, Pennsylvania 19601. At all times relevant hereto, Sutyak was a Director for Defendant Corporation.

12. At all times relevant hereto, Defendant Corporation was acting through its agents, servants and employees, including Defendants Ranalli, Stewart, and Sutyak, who were acting within the scope of their authority, course of their employment and under the direct control of the Defendant Corporation.

## IV. **STATEMENT OF CLAIMS**:

13. Johnson was employed by Defendant Corporation from in or about 1994 until March 27, 2002, the date of his untimely termination.

14. During the course of his employment with Defendant Corporation, Johnson held the position of Program Director and at all times relevant hereto, maintained a satisfactory job performance rating in that capacity.

15. Johnson suffers from Heart Disease.

16. At all times relevant hereto, Defendants were aware of Johnson's medical condition as aforesaid.

17. On or about December 20, 2001, Johnson underwent double bypass surgery as a result of his medical condition. Additionally, on or about December 27, 2001, Johnson received a defibrilator implant.

18. On or about January 22, 2002, Johnson's physician released Johnson to return to work on or about January 28, 2002. Johnson faxed a note from his physician stating the same to Mary Creedon ("Creedon"), Defendant Corporation's Human Resources Manager.

19. On or about January 24, 2002, the said Creedon informed Johnson that he was not permitted to return to work until she had spoken to Johnson's physician to ensure that Johnson's physician had a full understanding of what Johnson's work entailed.

20. Johnson returned to work on January 28, 2002. Johnson's only medical restriction was to avoid all physical restraints with youths until future evaluation by his physician.

21.     Thereafter, on or about March 27, 2002, Johnson was called into a meeting with Defendants Stewart and Sutyak.  Defendant Sutyak informed Johnson that his position had been eliminated.

22.     In connection thereto, Johnson spoke to Bob Burton, Chief Executive Officer for Defendant Corporation, regarding the possibility of employment in Defendant Corporation's Delaware facility. On or about March 29, 2002, Defendant Ranalli stated to Mark Elvin ("Elvin"), second in command to State Director for Delaware and New Jersey branches of Defendant Corporation, "Hell no, you're not bringing that sick son of a bitch to Delaware.  He'll die down there on us."

23.     Soon after Johnson's termination, Defendant Corporation hired Kathy Copley ("Copley") as Senior Chief Deputy to perform the same duties as that of Johnson. Upon information and belief, Copley is significantly younger than Johnson, in her mid-twenties.

24.     Thereafter, Johnson was informed that Defendant Stewart told Copley's co-workers at a team meeting to consider her to be Johnson's replacement, that she was now responsible for delegating the same types of assignments that Johnson had delegated.

25.     Upon information and belief, George Newton, Naeem Hammond, and Richard Zasa, all employees of Defendant Corporation who suffered from Heart Disease, were terminated by Defendant Corporation.

26.     Johnson believes and avers that his employment with Defendant Corporation was terminated solely as a result of his age (56) and a perception that he was disabled.

## COUNT I
### (ADA- Perceived Disability Discrimination)
### Johnson v. Defendant Corporation

27.     Johnson hereby incorporates by reference paragraphs 1 through 26 inclusive contained in the foregoing Complaint as though fully set forth herein.

28.     Johnson believes and avers that he was subjected to unlawful discrimination in the terms, conditions and privileges of his employment, resulting in his discriminatory termination because of a perception that he was disabled, in violation of the ADA, Title 42 U.S.C. §12101, et seq.

29.     As a direct result of Defendant Corporation's willful and unlawful actions as aforesaid, in violation of the ADA, Johnson has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (ADEA - Age Discrimination)
### Johnson v. Defendant Corporation

30.     Johnson hereby incorporates by reference paragraphs 1 through 29 inclusive contained in the foregoing Complaint as though fully set forth herein.

31. The actions of Defendant Corporation, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment because of his age, as aforesaid, constitute a violation of the ADEA.

32. The unlawful discriminatory employment practices engaged in by the Defendant Corporation were in violation of the provisions of Title 29 U.S.C. § 623(a)(1) and § 623(a)(2) of the Age Discrimination in Employment Act.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of Title 29 U.S.C. § 623(a)(1) and § 623(a)(2) of the Age Discrimination in Employment Act, resulting in the termination of the Plaintiff's employment, the Plaintiff sustained a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

### COUNT III
### (PHRA - Perceived Disability and Age Discrimination)
### Johnson v. Defendant Corporation

34. Johnson hereby incorporates by reference paragraphs 1 through 33 inclusive contained in the foregoing Complaint as though fully set forth herein.

35. Johnson believes and avers that he was subjected to unlawful discrimination in the terms, conditions and privileges of his employment, resulting in his discriminatory termination because of his age and a perception that he was disabled, in violation of the

PHRA.

36. As a direct result of willful and unlawful actions as aforesaid, in violation of the PHRA, Johnson has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT IV
### (PHRA-Aiding and Abetting)
### Johnson v. Defendants Ranalli, Stewart, and Sutyak

37. Johnson hereby incorporates by reference paragraphs 1 through 36 inclusive contained in the foregoing Complaint as though fully set forth herein.

38. At all times material herein, the PHRA has made it unlawful for Defendants to "aid, abet, incite, compel or coerce the doing of any act declared [under Pennsylvania Human Relations Act] to be an unlawful discriminatory practice[.]"

39. Defendants Ranalli, Stewart, and Sutyak abetted, incited, compelled and coerced unlawful and intentional disability discrimination against Johnson, in direct violation of the above quoted provisions of the PHRA.

40. As a direct result of said Defendants' wilful and unlawful actions in aiding and abetting discrimination against Johnson as aforesaid, in violation of the PHRA, Johnson has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due

thereon.

## PRAYER FOR RELIEF

41. Johnson repeats the allegations of paragraphs 1 through 40 of this Complaint as if set forth herein at length.

**WHEREFORE**, Johnson requests this Court to enter judgment in his favor and against Defendants and order that:

a. Defendants compensate Johnson with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b. Defendants compensate Johnson with an award of front pay, if appropriate;

c. Defendants compensate Johnson for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d. Defendants pay to Johnson compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

e. Defendants pay to Johnson punitive damages (under the ADEA and ADA), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f. the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Johnson demands trial by jury.

                          SIDNEY L. GOLD & ASSOCIATES, P.C.

                  By:_____
                      SIDNEY L. GOLD, ESQUIRE
                      Attorney I.D. #: 21374
                      1835 Market Street
                      Suite 515
                      Philadelphia, PA 19103
                      (215) 569-1999
                      Attorney for Plaintiff